*39 Opinion op the Court,
bv Judge Mills.
THIS case was once before in this court, .and reversed, because the heirs of M’Endree, who were necessary parties, were not brought before the court, Although they were named in the bill, no process had been executed upon them, and the bill, at the instance of the plaintiff, had been discontinued as to one of those heirs. The cause was then remanded, with directions to that court to dismiss the bill without prejudice to any future suit for the same cause, “unless the heirs of «M’Endree should be brought before the court in a reasonable time to be given by that court.”
On the production of the mandate of this court in that, the court, at the instance of the defendants, entered an order that “the complainants should cause the heirs of M’Endree to be brought before the court, on or before the first day of the next term, in conformity with the mandate of this court,” or the suit should stand dismissed without prejudice. No step was taken in the cause, until the next term, on the part of the complainants, and on the second day thereof the defendants moved that the rule should be made absolute, and the be dismissed. The complainants, by their counsel, then produced and offered to file an answer, purporting to be written for and in the names of all the heirs, sworn to by only two or three of them. This the court admitted, and noted on the record, as the answer of those heirs who had made oath thereto, and refuseder then to dismiss the suit; but entered a further order or rule, that “unless the complainants caused the other *40 heirs to- be brought before the court, and answer the' complainants' bill, on or before the first day of. the next term of the court,” the bill should be then dssmissed. On the third day of the next term, the defendants made a motion that this rule should be made absolute, and the cause dismissed. To resist this application, the counsel for the complainants produced the old answer, in the same state it was at the last term, and also another paper, written in nearly the same words, and sworn to as an answer by Reuben M’Endree, as to whom the cause had been dismissed, before it was first brought to this court, and he-had never been again made defendant, and not sworn to by any of the-other heirs, and prayed to file this paper also, and contended that these papers ought to be taken as the answer and appearance of all the heirs, although not sworn to by the whole, and that the oath of part verified the answers, and was sufficient to admit them. The court refused further to continue the cause, and dismissed it with costs and without prejudice, to which the complainants below excepted, and have appealed to this court.
A rule requiring the proper parties to be marie before the next term, is not unreasonable
The chancellor may, on extending the rule, lay the complainant' under severer conditions.
We cannot agree with the counsel for the appellants, that these papers are to be taken as the answer of all the heirs. We need not here enquire whether any such answer, if sworn to by part, and presented by the rest, in person or by their lawfully authorised counsel, might, or not, be admitted as the answer of the whole; for if it be admitted that it might, here the heirs did not appear by counsel or in proper person. The papers presented were in the hands of the counsel of their adversary; so that the court had not any evidence that those who had not made oath to the answers, had ever seen these papers, or knew of the cause. How the counsel of the complainants could be permitted to appear as the counsel for some of the defendants also, we cannot tell. The ancient chancery practice, in which there was much wisdom and propriety, and which has not been annulled, was so strict in this respect, as not to admit an answer for any of the defendants, drawn in the hand-writing of the solicitor of the complainant, although the interest of that defendant and that of the complainant were completely the same. Here, however, the interest of the complainants and the heirs of M’Endree were only contingently the same. If the complainants should succeed against the other defen *41 daiits, then the heirs of M’Endree would be safe; but on a contrary decision, they became liable on the bond of their ancestor; so that there was a peculiar propriety in not admitting an appearance for them by the counsel of the complainants. The court below, therefore, did right in treating these papers as the answers of the defendants only, who had made oath thereto. We say of the defendants only, but do not include Reuben. He was then no party to the cause. He had been dismissed before, and was never again brought into it, and therefore had no right to answer at all, without some previous proceeding authorising him to do so. It is, therefore, clear, that the complainants had not complied with the order of that court, in producing the proper parties, and were subject to a dismission of the suit on that account.
The only remaining question is, were the complainants held to any unreasonable requisitions in the court below? The course that ought to have been pursued by the complainants, on the return of the cause, was so plain and simple, that it is hard to conceive hoW they could miss it. An amendment, making the heir a party, who had been dismissed, was necessary, and process ought to have been executed upon the heirs, or publication returned, if they were non-residents; and this was all that was included in the requisition to bring them before the court. The first and second term elapsed, and nothing of this was done, and the cause was left in statu quo, and the defendants were required to wait unlil their adversary should bring in the answers of the heirs of M’Endree, in detail. The time was extended from term to term, and there was greater reason for the defendants in court to complain of the unreasonable extension of time given, than the complainants that it, was too short; for if the chancellor, when he found the cause in the same situation, had dismissed it on the expiration of the first rule, his decision could not have been exceptionable.
It has been insisted, that the second rule required too much of the complainants, in requiring the answers of M’Endree’s heirs to be produced. To this it may be answered, that if the chancellor, in extending the rule, which he was not bound to extend, imposed still severer conditions or requisitions, the complainants could *42 have no right to complain. If the cause had been dismissed, because the answers were not produced after process had been executed on M’Endree’s heirs, there might then have been some ground of complaint. But when we take the whole record together, we do not conceive that the court below intended to require the production of the answers, indispensably, or that the court construed the expressions, “bringing these parties before the court,” into a production of their answers, and nothing else. We rather suppose that the expressions in the last rule, “and answer the complainants’ bilj,” are rather a clerical misprison, occasioned by a production of the answers of part from which the complainants have received no injury, and they cannot, therefore, be a ground of reversal in their favor.
Decree affirmed with costs.