(209)                    THOMPSON *v.* CURTIS.

1. An appeal from a Justice of the Peace, on a judgment by *nil dicit,* is good without a motion for a new trial.
2. After an appeal is dismissed, the Court cannot render judgment for the debt, &c. (Note *a.*)

ERROR from Ray Circuit Court.

M'GIRK, C. J., delivered the opinion of the Court.

This was an action of assumpsit brought on a note by Curtis against Thompson, before a Justice of the Peace. On the trial day the parties appeared, and the note being produced, the defendant said nothing in defence of the action. Judgment was given against him; he appealed to the Circuit Court. When the cause came there, the appellee, Curtis, moved the Court to dismiss the appeal. The Court sustained the motion, dismissed the appeal, and then gave judgment for the amount of the debt, costs, &c. To reverse which, the cause is brought here. It is assigned for error, that the Court dismissed the appeal contrary to law. And secondly, that the Court erred in entering up judgment for the debt and costs, after the appeal was dismissed. The reason alledged for dismissing the appeal was, that it was taken and allowed contrary to law. The law not permitting an appeal till a motion is made for a new trial, and that is refused. Whereas, in this case, the judgment was by default. The record shows that the defendant appeared and said nothing.

It is argued by Mr. Rees for the defendant in error, that a judgment by *nil dicit* is a judgment by default, as much so as where the party never appeared.

It is admitted by this Court that it is a judgment for default of defence, and so is a judgment after a demurrer. There the entry is, that the action remains undefended, and says nothing further. It seems clear, upon a view of the statute, that the sort of default contemplated by the statute, in such a case as this, is a default of appearance. By the 12th section of the same act, the Legislature say, that if the defendant fails to appear on the return day of the summons, and it shall appear that he has been legally served with process, and the plaintiff's demand is founded on a note, &c., it shall be lawful for the Justice to give judgment by default, &c. This shows the sort of de- (210) fault the act intends in the 22d section, where it is said, if the judgment is by default, there shall be no appeal till the defendant has applied to have the judgment set aside, and that has been refused.

With regard to the other point, was it right to give judgment for the debt after the cause was dismissed? We are unable to discover the principle on which this judgment can be sustained.

The judgment of the Circuit Court is reversed, with costs.

(*a.*)  See Barrs *v.* Holland, 3 Mo. R., p. 47.