THE PEOPLE, *ex rel.* Marshall, *vs.* THE RAVENSWOOD, HAL-
LETT'S COVE AND WILLIAMSBURGH TURNPIKE AND
BRIDGE COMPANY.

A plaintiff admits the corporate existence of a corporation, by suing it by its
corporate name. And this admission will not be overcome by his alleging, in
the complaint, facts which, if true, would go to show that the defendant had
failed to comply with such terms as by the charter were conditions precedent
to its organization as a corporate body.

In such a case the latter allegations in the complaint may be disregarded, as be-
ing irrelevant and impertinent; inasmuch as a plaintiff cannot be permitted
to treat the defendant as a corporation in fact, for the purpose of suing it, and
then insist that it never performed those acts, without performing which it
could not have acquired existence.

Where the complaint, in an action against a corporation, alleged that the defend-
ant had violated its charter, and also that it had omitted to do certain things
claimed to be essential to give it a legal, corporate existence, and prayed that
the defendant might be excluded from the franchises claimed by it, and that
the corporation might be dissolved; *Held*, on general demurrer to the whole
complaint, that the complaint, as *a whole*, was good; it containing but one
subject matter, viz: the right of the defendant to continue to exercise certain
franchises. CLERKE, J. dissented.

APPEAL from a judgment entered at a special term, overrul-
ing a demurrer to the complaint, with costs. The com-
plaint alleged that the defendants, who claim to be a corporation,
created by and under the act of the legislature of this state,
entitled "An act to incorporate the Ravenswood, Hallett's Cove
and Williamsburgh Turnpike and Bridge Company," passed
April 18th, 1838, and an act, entitled, "An act to amend the char-
ter of the Ravenswood, Hallett's Cove and Williamsburgh Turn-
pike and Bridge Company," passed April 21st, 1840, had,
in the county of Kings, for the space of six years, now last
past, and upwards, used and still did use, without any legal
authority, the following privileges and franchises, to wit: that
of being a body politic and corporate in law, fact and name, by
the name of the Ravenswood, Hallett's Cove and Williamsburgh
Turnpike and Bridge Company, and by the same name, to
plead and be impleaded, answer and be answered unto, and also
the following privileges and franchises, to wit: that of demand-
ing and receiving from all persons passing over the bridge

erected by the defendants over Newton creek, or over the bridge erected by them over Bushwick creek, certain specified tolls ; (including several instances in which no tolls were legally chargeable, the persons of whom they claimed the right to receive the same, being *exempt* by law.)    All which said liberties, privileges and franchises, the defendants, during all the time aforesaid had usurped, and still did usurp, as the plaintiffs were informed and believed.    And the plaintiffs for a more particular statement and specification, further showed upon information and belief, " that the capital stock of the defendants never has been nor is it now twenty thousand dollars, nor did any persons ever become stockholders, pursuant to the said acts, or either of them.    And also, that the Ravenswood, Hallett's Cove and Williamsburgh turnpike road never was, and is not now laid out by defendants, not less than four rods wide, and that twenty-two feet of such width, never was, nor is it now bedded with stone, gravel, sound wood or other hard substance, well compacted, and of sufficient depth to secure a good and solid foundation, by the defendants, and also said road never was, and is not now faced with gravel, or broken stone, of a depth not less than nine inches, in such manner as to secure a firm and even surface, rising in the middle by a gradual arch, by the defendants, and also that the ditches on each side of said road, when practicable, never were, nor are they now so made as to render easy the passing of a sleigh thereon, by the defendants, and that they never were, nor are they now so formed by the defendants as to permit carriages conveniently to pass on and off the said turnpike, where it was or is intersected by other roads, and also, that the said turnpike road never was and is not now made by the defendants of such width as was and is practicable, not less than twenty-two feet in any one place, and also that the lower side where it was and is not of full width never was, and is not now furnished with a strong and sufficient fender or railing, of the height of at least four feet above the surface of the said road, along which said fender ought to have been and to be constructed, and also, that no milestone or post ever was, or now is erected or maintained by the defendants on each mile of the

road, on which was or is fairly or legibly marked or inscribed the distance of such stone or post from the place of the commencement of the road; also, that the defendants have never kept the whole of said road in turnpike order and repair; and also, that they have never constructed, completed and kept in constant repair said road, with all the necessary buildings and appurtenances; and also, that the defendants never have reported to the comptroller, an account of the expenses of the alleged construction of said road; and also, that the defendants have not exhibited, annually, to the comptroller, an account of the sums of money arising from tolls, of the disbursements, and of the dividends actually made within the year; and also, that defendants never gave notice, to the governor that said road, or any ten miles thereof, was completed so that he might appoint three discreet freeholders, to view the road, and report to him in writing, whether said road was completed in a workmanlike manner, according to the requisitions of the title above specified, and of said alleged act of incorporation; and also, that no governor of this state, has ever, by license under his hand, and the privy seal of the state, permitted the defendants to erect any gates and turnpike on said road for the collection of any tolls; and also, that the defendants did not, within two years from their incorporation, commence the construction of the said road, described in the act of incorporation; and also, that the defendants did not, within five years from such incorporation, complete the said road, according to the provisions of title 1, chapter 18, and part 1 of the revised statutes, and of their act of incorporation. And also, that the defendants now are and for more than five years last past have been insolvent, and also for such time have neglected to redeem or fully pay their notes, claims, demands, judgments and other evidences of debt. And also, that the association intending to apply and who did apply to the legislature, for the act of incorporation of the defendants, and that the defendants in their application for the act, altering, amending and extending their charter, passed April 21st, 1840, did not cause notice of such application to be published, as required by the statute in such cases." And the

The People *v.* Ravenswood, &c. Turnpike and Bridge Co.

plaintiff insisted that no tolls should or could be legally collected at any gate of the defendants on the said road in either of four cases specified ; in which cases the complaint alleged the defendants claimed a right to receive the same.

Wherefore, the plaintiffs demanded that by the judgment of the court the defendants be excluded from the franchises and privileges aforesaid, and from all corporate rights, and that the said corporation be dissolved and their charter vacated, and that the plaintiffs recover against the defendants the costs of this action.

The defendants demurred to the complaint, and assigned the following causes of demurrer : 1. That several causes of action had been improperly united ; 2. That the complaint did not state facts sufficient to constitute a cause of action.

The demurrer was overruled with costs ; and judgment ordered to be entered for the plaintiffs, pursuant to the prayer of the complaint, unless the defendants paid the costs, within ten days, and answered the complaint.

*Ogden Hoffman,* attorney general, for the plaintiffs.

*C. N. Potter,* for the defendants.

MITCHELL, J. The complaint shows that the defendants have violated their charter, and also that they omitted to do certain things which might be essential to give them a legal corporate existence, and prays that they may be excluded from the franchises which they claim, and that the corporation be dissolved. The defendants object that several causes of action are improperly joined ; insisting that one cause treats the corporation as never having existed, and the other as having once existed and then lost its right to a continued existence ; and that these are inconsistent allegations, and the judgments to be rendered on them, incompatible. This mode of pleading is deliberately sanctioned in *The People* v. *The Saratoga and Rensselaer Rail Road Company,* (15 *Wend.* 126.) If the former system did not allow it, the present does, as it allows

causes of action arising out of the same transaction or the same subject matter. There is but one subject matter in this case—the right of the defendants to continue to exercise certain franchises. That right may be decided against them, by showing that they did not comply with conditions precedent to the origin of that right, or with conditions subsequent; and in either case the judgment is that they be excluded from such franchises. (*Code*, §§ 440, 443, *&c.*) In like manner if a lease were executed to one, with a condition that the lessee should not enter until he should pay a certain bonus, and to be void on non-payment of rent, the lessor—if the lessee entered—might show that neither the bonus nor the rent was paid, and claim the possession of the land. There would be but one subject matter—the right to the possession of the land.

The code recognizes that the action may be against the *corporation* for either kind of usurpation of franchises, when it provides (§ 441) that the judgment, whether against a natural person *or association*, if they are found guilty of usurping a franchise, shall be that they be excluded from such franchise.

The judgment of the special term, against the defendants, should be affirmed with costs.

COWLES, J. Scire facias, quo warranto, and information in the nature of quo warranto, are abolished, and the remedies provided in part 2, title 13, chap. 2 of the code, substituted in their place. This suit, and the pleadings under it, must be construed by those provisions. It is brought against the defendants as a corporation. The defendant is sued by and in its corporate name. The object is to *vacate its charter*, as provided for in § 430 of the code. It is brought against the *corporation*, not against natural persons usurping, or assuming without proper authority to exercise corporate powers or rights. By the act of bringing the suit the plaintiffs assume that the defendants have acquired legal corporate existence; for if it did not exist as a corporation, they could not be brought into court as such.

The distinction between actions brought to *vacate a charter* or to *annul the existence of a corporation*, and those brought

against individuals *acting as a corporation without being duly incorporated,* is clear and broad. (*Code,* §§ 430, 432.) The one lies against the *corporate body itself,* the other against the *persons* unlawfully assuming to act as a corporation. The one can only be brought on leave first obtained from the supreme court or a judge thereof. (§§ 430, 431.) The other may be brought without such leave. (§ 432.) The judgment in the one case is that the "corporation be excluded from such corporate rights, privileges and franchises, and that the corporation be dissolved." (§ 442.) In the other case the judgment is that the person usurping such franchise be excluded therefrom; and he may also be fined, in the discretion of the court. (§ 441.) In case of judgment against the corporation, a copy of the judgment is to be filed in the office of the secretary of state. (§ 445.)

This distinction under the code had been previously recognized. Formerly judgment of *ouster* was rendered when a liberty or franchise was wrongfully usurped, and that supposed there had been no grant; but if the liberty or franchise had been granted, or had once existed and was forfeited for abuse or misuser, judgment of *seizure* was given. Judgment of *ouster* would operate upon *individuals;* judgment of *seizure* upon a *corporation.* (*The King* v. *The City of London,* cited in 2 *Term Rep.* 523, and commented upon in *The People* v. *The Saratoga and Rensselaer Rail Road Co.,* 15 *Wend.* 113.) In the last case the court·say, "When therefore an information is filed under the revised statutes against a corporation by its corporate name, the existence of the corporation is admitted—or rather that it once had a legal existence." And under the provisions of the code the same principle is evidently applicable.

This suit being against the corporation by its corporate name, must be held to admit that the defendant has once acquired legal and actual corporate existence, and that admission arising from the fact of the suit being brought against the defendant as a corporate body treating it and assuming it to be a legal entity, cannot, as it seems to me, be overcome by any averments in the complaint that it had not acquired existence. Otherwise, we are presented with the absurdity of assuming to bring into court a

fictitious party, which neither has nor ever had existence; and that too in face of the fact, as shown by the record, that the defendant sued is actually present in court, which is the case here; for the defendant is not only sued by this corporate name as an artificial person actually in existence, but appears in court by that name, and interposes this demurrer. There is, therefore, such a legal entity as this defendant. It is admitted by the plaintiff by the very act of suing, and is conceded by the defendant by the act of appearing and demurring; and this broad fact cannot be overcome by the plaintiff's charging in his complaint facts which, if true, would go to show that the defendant had failed to comply with such terms as by the charter were conditions precedent to its organization as a corporate body.

The plaintiff has inserted in his complaint averments of that description, and which are only proper to be made when the suit is against *individuals,* for usurping or assuming to act as a body corporate when in fact they are unincorporated.

These averments are, as I regard them, manifestly irrelevant and impertinent; for the plaintiff cannot be permitted to treat the defendant as a corporation in fact for the purpose of proving it, and then assume to charge that it never performed those acts, without performing which it never could have acquired existence.

But the complaint also charges other acts of neglect or omissions of duty which, if true, would forfeit the charter, and also avers the doing of acts which could only be performed by the defendant as an actual existing corporation; thus in effect averring its actual existence.

As I regard the case, the plaintiffs admit the corporate existence of the defendant by the mere fact of suing it by its corporate name, and consequently must be held to have admitted the performance by it of all such acts as by the charter were conditions precedent to its entering upon a state of legal existence. All averments to the contrary must, as I think, be regarded as irrelevant, and on motion be struck from the complaint or disregarded on the trial. Such facts only can be proved at nisi prius in this case as go to show that by misuser, neglect or abuse, the defendants have forfeited their charter.

The People *v.* Ravenswood, &c. Turnpike and Bridge Co.

Had all of the allegations which go to show that the defendants had never commenced a legal corporate existence been embraced in one count or statement of a cause of action, unaccompanied by any other averments, and the demurrer had been interposed to that one count or statement of the cause of action, I should have no hesitation whatever in holding the demurrer well taken, since such averments alone would show no cause of action against the defendant. But the complaint, while it states facts which are entirely irrelevant as I view the case, also avers other facts which are pertinent and proper, and which if true show that the defendant has forfeited its charter. The demurrer is to the *whole complaint,* and the complaint, *as a whole*, is good, while it contains much which is irrelevant and ought to be stricken from the record. But that remedy is by motion, not by demurrer.

For these reasons I concur with my brother Mitchell, that the judgment of the special term should be affirmed. But with leave to the defendants, should they appeal to the court of appeals, to withdraw their demurrer, and answer after the cause is remitted to this court, on payment of costs.

Clerke, J. The complaint alleges first, in substance, that the defendants have acted as a corporation, *without being legally incorporated ;* and, secondly, sets forth several acts and omissions, in consequence of which they have forfeited their corporate rights, privileges and franchises. The complaint demands judgment, first, that the defendants be *excluded* from those franchises and privileges and all corporate rights ; and secondly, that the corporation be dissolved and their charter vacated.

These are inconsistent causes of action ; because they require different modes of proceeding, and the nature of the judgment appropriate to each is different. The language employed in *The King* v. *Amery*, (2 *T. R.* 515,) and in *The People* v. *Saratoga and Rensselaer Rail Road Co.*, (15 *Wend.* 113,) is precisely applicable to this case. If the object of this action was to dispute the fact of the incorporation, it should have been commenced against *individuals ;* if to effect the dissolution of a corporation having an actual existence, then it is correctly in-

stituted against the corporation. But the plaintiffs seek both objects, which are not only inconsistent with each other, and which require totally distinct and inconsistent judgments, but in order to accomplish the first object, the individuals unlawfully exercising corporate powers, which, it is alleged, were never conferred on them, should be sued by their respective names. In the one case, judgment of *ouster* would be rendered; equivalent to the demand in this complaint that " the defendants be excluded," &c.; and in the second case, the proper judgment would be that of *seizure*, equivalent to the other part of the demand in this complaint, " that the corporation be dissolved," &c. The one is rendered against *individuals* for unlawfully assuming to be a corporation; the other is rendered against a *corporation* for a forfeiture of its corporate privileges.

The two cases referred to by the counsel for the plaintiffs have no applicability to these questions. That of *The People* v. *The Bank of Hudson,* (6 *Cowen,* 217,) was an information against an incorporated company, seeking a *dissolution* on the ground of forfeiture; it was not pretended that it had not been duly incorporated; but, being a corporation, it had forfeited its charter, and therefore the language quoted by the counsel had no relevancy in the connection in which it was employed; and so the court expressly state, that the judgment must be against the corporate name, being a judgment of *seizure.* The other case referred to, (*The People* v. *The Kingston and Middletown Turnpike Road Co.,* 23 *Wend.* 193,) is of the same description; it was commenced for the purpose of effecting the dissolution of a corporation, which it was admitted had had an actual existence; but which, it was alleged, was forfeited by a non-compliance with the requirements of the act of incorporation, in neglecting or refusing to perform the duties enjoined. It was not pretended, as in this case, that the defendants never had a legal existence, that " *without legal authority* they claimed to be a body politic and corporate in law, fact and name."

I am, however, of opinion that the other facts stated in the complaint constitute sufficient ground for the forfeiture of the

corporate privileges to entitle the plaintiffs to a judgment of dissolution; but the first cause of demurrer is well taken.

The judgment of the special term should be reversed, with costs.

Judgment affirmed.

New York General Term, September 3, 1855. *Mitchell, Clerke* and *Cowles,* Justices.]