## THE LOANERS' BANK OF THE CITY OF NEW YORK, APPELLANT, *v.* SAMUEL JACOBY AND JONATHAN W. POTTLE, RESPONDENTS.

*Corporation — legal existence of — when party estopped from denying.*

In an action brought by the plaintiff against one Tigney to recover the possession of certain personal property, the defendants, to prevent the delivery thereof to it, gave a bond reciting the plaintiff's claim and binding themselves for the delivery of the property to the plaintiff, if the delivery thereof should be adjudged in said action. In this action brought upon the said bond, after the recovery of a judgment by the plaintiff in the former action and the return unsatisfied of an execution issued thereon, the defendants sought to amend their answer by putting in issue the corporate existence of the plaintiff. *Held,*

(1) That, in the proper exercise of its discretion, the court should deny the application;

(2) That by giving the bond and preventing the delivery of the property to the plaintiff in the former action, the defendants were estopped from denying its legal existence.

APPEAL from an order made at the Special Term, allowing the defendants to amend their answer by putting in issue the incorporation of the plaintiff.

*Robert Sewell*, for the appellant.

*Charles Tracy*, for the respondents.

DAVIS, P. J. :

The plaintiffs commenced an action against William H. Tigney and others to recover possession of certain personal property, which was taken by the sheriff of the city and county of New York, upon an affidavit and papers delivered to him for that purpose. Before the delivery of the property to the plaintiffs, the defendant in this action executed an undertaking entitled in that action, which recited the facts, in respect to the claim of plaintiffs, and the taking of the property by the sheriff, and that the defendant Tigney was desirous of having the property returned to the defendants in that action, and undertook and bound themselves for the delivery of the said property to the plaintiffs (if such delivery should be adjudged), and for the payment of such sum as might, for any cause, be recovered against the defendants in that action. The plaintiffs prosecuted that action to final judgment, and an execution upon the judgment against the defendants therein having been returned unsatisfied, they brought suit against the present defendants upon their undertaking. The defendants put in their answer in this action without putting in issue the corporate existence of the plaintiffs, and they moved to amend their answer at Special Term by inserting the plea of *nul tiel corporation.* The court below granted the motion, and from the order granting the same the present appeal is taken.

The point made upon the appeal is that the defendants in this action, brought upon the undertaking set forth, are not at liberty to

dispute the corporate existence of the plaintiff. Ordinarily, the court would not interfere with the exercise of the discretion of the court below in allowing an amendment to the pleadings. But where it is clearly apparent that such amendment brings in an immaterial and improper issue in the action, the appellate court should interfere.

In this case, it seems manifest that the defendants ought not to be allowed to assert that the plaintiffs were not a corporation. By executing the undertaking in question, they prevented the plaintiffs from getting possession of the property, in the action brought to recover the same, upon proceedings in the nature of replevin, and caused its delivery by the sheriff to the defendants in that action. The plaintiffs recovered judgment against such defendants; but their judgment appears to be unavailing, because of the act of the present defendants in depriving them of the property, by executing the undertaking upon which this suit is brought. Under such circumstances, it would seem to be grossly unjust to permit the defendants to deny the legality of the incorporation of the plaintiffs, especially after such incorporation had been proved and adjudicated in the action in which the undertaking was made. (*Loaners' Bank v. Tigney*, MS. opinion of Brady, J.)

The defendants have seen fit to answer in such form as to admit the corporate existence of the plaintiffs, and they should be held to the effect of such answer. But it seems to us manifest also, upon authority, that the defendants are estopped in law from denying such corporate existence. The numerous authorities cited by the appellant's counsel, establish a principle which seems to us applicable to the present case. (*Connecticut Bk.* v. *Smith*, 17 How., 487; *Henriquez* v. *Dutch W. I. Co.*, 2 Ld. Raym., 1535; *Dunn* v. *Van Hornton*, 5 Hals., 270; *Con. Society* v. *Perry*, 6 N. H., 164; *All Saints' Ch.* v. *Lovett*, 1 Hall, 213; *John* v. *Farmers' Bk.*, 2 Blackf., 367; *Ryan* v. *Valandingham*, 7 Ind., 416; *Dutchess* v. *Davis*, 14 Johns., 245; *Hartrant* v. *Bk. of E.*, 2 Mo., 169; *Hughes* v. *Bk. of Somersett*, 5 Litt., 47; *Worcester Med. Inst.* v. *Hardiny*, 11 Cush., 285; *Welland Canal* v. *Hathaway*, 8 Wend., 480; *U. S. Bk.* v. *Stearns*, 15 id., 316; *People* v. *Ravenswood Co.*, 20 Barb., 518.) The court on the trial would doubtless exclude the evidence under the proposed amendments, as immaterial, on the ground of estoppel.

The case should not, therefore, be embarrassed by any change in the pleading.

The order should therefore be reversed, with ten dollars costs, and disbursements to abide the event.

Brady and Daniels, JJ., concurred.

Order reversed, with ten dollars costs, and disbursements to abide event.